```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

LESLIE BRYANT,
dba LESLIE'S MARKET,

    Plaintiff,

v.                                  Civil Action No: 2:06-1031

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND
NUTRITION SERVICE,

    Defendants.


MEMORANDUM OPINION AND ORDER


      Pending before the court is plaintiff's motion, filed December 22, 2006, seeking remand of this action to the Circuit Court of Logan County.

I.

      Plaintiff owns and operates Leslie's Market, a retail food store located in Verdunville, West Virginia.  (Compl. ¶ 3.) Leslie's Market participates in the federal Food Stamp Program which is administered by the Food and Nutrition Service ("FNS"), a component agency of the United States Department of Agriculture.  (Id. ¶¶ 3-4; Not. of Rem. ¶ 4.)

Between August 2004 and January 2006, FNS conducted a regulatory investigation and concluded Leslie's Market violated the rules and regulations of the Food Stamp Program.  (Id. ¶ 6.)  On or about December 4, 2006, FNS issued a final agency decision which suspended Leslie Market's participation in the Food Stamp Program for three years beginning on December 13, 2006.[1]  (Id. ¶ 11.)  On December 6, 2006, plaintiff instituted this action requesting judicial review of this decision, and on December 8, 2006, the United States of America removed the action on behalf of the named agencies pursuant to 28 U.S.C. § 1442(a)(1).

## II.

The Food Stamp Act provides that

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction . . .

7 U.S.C. § 2023(a)(13).  Plaintiff tersely contends that inasmuch as "venue in these types of cases has not been limited to the United States district courts" the defendants "should not be

---

[1] FNS has agreed to stay the suspension pending the outcome of this action.

permitted to dictate the forum in which the judicial review takes place." Plaintiff cites no case authority in support of its position and fails to acknowledge the existence of 28 U.S.C. 1442(a)(1) which states

> (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Any officer of the United States <u>or any agency thereof</u>, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(emphasis supplied). The United States Supreme Court has observed that "the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." <u>Willingham v. Morgan</u>, 395 U.S. 402, 406 (1969). The United States Court of Appeals for the Fifth Circuit has also observed that "[t]he only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency." <u>IMFC Professional v. Latin Am. Home Health</u>, 676 F.2d 152, 156 (5th Cir. 1982). Accordingly, the court concludes removal of this action was proper under 28 U.S.C. 1442(a)(1).

III.

In view of the foregoing, it is ORDERED that plaintiff's motion to remand be, and it hereby is, denied.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED:  June 4, 2007

_____
John T. Copenhaver, Jr.
United States District Judge